Case 1:23-cv-05234-PKC Document 60 Filed 09/01/23 Page 1 of 9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SAFE HEALTH SYSTEMS, INC., a Delaware corporation,

                Plaintiff,

     v.

CHRIS CHIERCHIO a.k.a. CHRIS LUMIA, an individual;
TEAM CHIP LLC, a Wyoming limited liability company;
JOSEPH MACLELLAN, an individual; GREENSPOON
MARDER LLP, a Florida limited liability partnership; and
DOES 1 through 10, inclusive.

                Defendants.
------------------------------------------------------------------X

Case No. 1:23-cv-05234-PKC

## STIPULATION AND [PROPOSED] PROTECTIVE ORDER



    WHEREAS, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

    1.    Any party or non-party providing discovery in this action, whether formally or informally ("producing party"), may designate as "CONFIDENTIAL" and subject to this protective order (the "Order") any provided information, document, or thing, or portion of any document or thing: (a) that contains sensitive, proprietary, non-public, classified, restricted, secret, research, development, and/or commercial information (including financial and business information) that the producing party (or any predecessor in interest to a producing party) regards as confidential. CONFIDENTIAL material as used in this Order shall refer to the original and copies of any so designated document, testimony, or other discovery material and

shall also refer to the information contained in such material. All notes, extracts and summaries of CONFIDENTIAL material shall be considered CONFIDENTIAL material and be subject to the terms of this Order. Any party to this litigation or any non-party covered by this Order, who produces or discloses any CONFIDENTIAL material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the following or similar designation: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

2. In designating information as CONFIDENTIAL, a producing party shall make such a designation only as to material that such producing party believes constitutes such material as matter used by it in, or pertaining to, its business, and that when produced in the context of this litigation: (a) may be deemed material that is not generally known or otherwise available to the public, (b) may be deemed material that the party or non-party would normally not reveal to third parties or would cause third parties to maintain in confidence, or (c) may be deemed material otherwise entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure.

3. The parties should meet and confer if any production requires a designation of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." All other documents designated as CONFIDENTIAL shall be maintained in confidence by the party or authorized person to whom such material is produced or given and may be disclosed only to the following persons:

    a. The Court and Court personnel, provided that any written submission to the Court that discloses CONFIDENTIAL information shall be marked "CONFIDENTIAL" (or a similar designation as provided in this Order) and shall be filed under seal as set forth in Paragraph 16 of this Order;

  b. Outside counsel of record, employees of such outside counsel who are working under the direct supervision of such outside counsel, and outside vendors including court reporters, stenographers, videographers and providers of copying, coding, digitizing, translation and/or trial support services for such outside counsel;

  c. In-house attorney or other in-house representative employed by any party, or a parent or subsidiary of a party, who is actively working on or are responsible for this case, and such person's assistants and secretaries working under the direct supervision of such person;

  d. Non-party experts or other consultants who are not employed by a party and who are expressly engaged to provide expert testimony in this matter or to assist in discovery and/or preparation of this matter for trial, with disclosure only to the extent necessary to perform such work, provided that each such person has signed the undertaking annexed at Exhibit A;

  e. Any person who clearly appears on the face of the material, or is established from other documents or testimony, to have prepared or received the material;

  f. Any other person as to whom the producing party agrees in writing in advance of any disclosure; and

  g. Any arbitrator, mediator, neutral, or other third-party engaged jointly by the parties to facilitate negotiated resolution of this action, and any secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing.

4. No designation of documents, including the papers served and/or filed in this case, as CONFIDENTIAL shall be effective unless there is placed or affixed on such material,

prior to its production, an appropriate designation as set forth in Paragraph 1 of this Order. In the event that a producing party inadvertently fails to stamp or otherwise designate a document or other information as CONFIDENTIAL at the time of its production, it may be corrected by written notification to the other party or its counsel (as appropriate) and provision of a copy of such document or information bearing the appropriate designation, and the receiving party shall return or destroy the undesignated document or information and all copies thereof. Authorized recipients of such document or information shall not be responsible for any otherwise proper actions they took with respect to such document or information before receiving notice of the designation.

5. Testimony given at a deposition or hearing (including exhibits) may be designated as CONFIDENTIAL by an appropriate statement on the record at the time of the giving of such testimony or by written notice given within fourteen (14) days after receipt of the transcript by the counsel for the party whose CONFIDENTIAL material was disclosed at the deposition or hearing. During the 14-day review period, the transcript, including exhibits, shall be deemed CONFIDENTIAL. If there is no statement on the record designating the transcript or any portion of the transcript as CONFIDENTIAL, and if no such designation is made within the 14-day review period, the transcript shall not be considered CONFIDENTIAL.

6. All material designated CONFIDENTIAL shall be used solely for the prosecution or defense of the claims in this action and shall not be used for any business, commercial, competitive, personal or other purpose, including patent prosecution. Counsel of record and the parties hereto shall take reasonable steps necessary to maintain such CONFIDENTIAL material in confidence and prevent persons from using, disclosing, or recording the CONFIDENTIAL material for any other purpose.

7.  All CONFIDENTIAL material shall be stored securely and its custodians shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such material as is exercised by the receiving party with respect to its own proprietary information, but no less than a reasonable standard of due and proper care, and shall be responsible for preventing any disclosure of such material, except in accordance with the terms of this Order.

8.  After a final resolution of this case from which no further appeal can be taken, the receiving party shall return to the producing party any CONFIDENTIAL material, and all copies, or the receiving party's counsel shall certify in writing that such material has been destroyed within 30 days after the final termination of the case. The obligation on outside counsel to maintain the confidentiality of material designated as CONFIDENTIAL pursuant to this Order shall be deemed continuing.

9.  The restrictions set forth in this Order shall not apply to material that may have been produced in discovery in this lawsuit and designated as CONFIDENTIAL if that material: (a) was, is, or becomes public knowledge, not in violation of this Order; (b) is lawfully acquired by the receiving party from a third party having the right to disclose such information or material independent of the producing party; or (c) was lawfully possessed by the receiving party prior to entry by the Court of this Order.

10.  Notwithstanding any other provision of this Order, at a deposition or trial in this action: (a) a present employee of a party may be examined and may testify concerning all CONFIDENTIAL material produced by that party; (b) any other witness may be examined and may testify concerning any document containing CONFIDENTIAL information of a producing party that clearly appears on its face or from other documents or testimony to have been prepared

by, received by, known by or communicated to the witness. Whenever a deposition taken on behalf of any party involves a disclosure of CONFIDENTIAL information of any party, the producing party shall have the right to exclude from attendance at said deposition, during such time as CONFIDENTIAL information is to be disclosed, any person other than the person(s) agreed upon pursuant to Paragraphs 3 of this Order.

11. Any party may at any time seek modification of this Order or may challenge the propriety of a designation by agreement or, failing agreement, by motion to the Court, pursuant to any applicable rules.

12. The provisions of this Order shall apply to non-parties who produce confidential information, formally or informally, in response to a subpoena or otherwise, and who in good faith believe that such material contains confidential information ("producing non-party"). Any party to this action may designate information produced by the producing non-party as CONFIDENTIAL within ten (10) business days of receipt of such information. During the 10-day period, such information shall be deemed CONFIDENTIAL material. If no such designation is made within the ten-day period, such information shall not be considered to contain CONFIDENTIAL material.

13. Any Personally Identifying Information (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential.

14. Pursuant to Fed. R. Civ. P. 502, the inadvertent disclosure of privileged communications shall not constitute a waiver of the privilege in this matter provided that the parties follow the steps set forth in Rule 502.

15.     Notwithstanding any other provision of this Order, no document may be filed with the Clerk under seal without a further Order of this Court addressing the specific documents or portions of documents to be sealed. Any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing the applicability of *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006) and any other controlling authority. Unless otherwise ordered, a party seeking to file an opposing party's confidential information shall so advise the opposing party fourteen (14) days in advance specifying the precise portion of the information the party seeks to use, the general purpose thereof and any redactions to which the party does not object. Within seven (7) days thereafter, the party whose confidential information is sought to be used may make an application to seal in accordance with the first paragraph of this Order, indicating the portion or portions of the information it seeks to have sealed. Nothing herein is intended to alter or modify the applicability of Rule 5.2, Fed. R. Civ. P., to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

16.     Nothing herein shall be construed to prevent disclosure of information designated as CONFIDENTIAL if such disclosure is required by law or by order of the Court.

**SO STIPULATED AND AGREED:**

Dated: September 1, 2023

**CALLAHAN & BLAINE, APLC**
*Attorneys for Plaintiff*

/s Bryan C. Oberle
David Darnell
Bryan C. Oberle
3 Hutton Centre, Ninth Floor
Santa Ana, CA 92707
(714) 241-4444
ddarnell@callahan-law.com
boberle@callahan-law.com

**RIVKIN RADLER LLP**
*Attorneys for Defendants Joseph MacLellan
and Greenspoon Marder LLP*

/s Janice J. DiGennaro
Janice J. DiGennaro
Avigael C. Fyman
926 RXR Plaza
Uniondale, New York 11556
(516) 357-3000
janice.digennaro@rivkin.com
avigael.fyman@rivkin.com

**SO ORDERED:**

_____
P. Kevin Castel
United States District Judge

9-7-23

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SAFE HEALTH SYSTEMS, INC., a Delaware corporation,

                Plaintiff,

        v.

CHRIS CHIERCHIO a.k.a. CHRIS LUMIA, an individual;
TEAM CHIP LLC, a Wyoming limited liability company;
JOSEPH MACLELLAN, an individual; GREENSPOON
MARDER LLP, a Florida limited liability partnership; and
DOES 1 through 10, inclusive.

                Defendants.
-------------------------------------------------------------------X

Case No. 1:23-cv-05234-PKC

## ATTACHMENT A FOR INDIVIDUALS
## ACKNOWLEDGEMENT OF UNDERSTANDING
## AND AGREEMENT TO BE BOUND

1. I have reviewed the attached Stipulation and Protective Order.

2. By my signature below, I agree to the terms of the Stipulation.

        By: _____
                (Print Name)

             _____
                (Signature)

             _____
                (Date)

7695779.v1