UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

SAFE HEALTH SYSTEMS, INC.,                          23 Civ. 5234 (PKC)

                Plaintiff,

v.                                                  ORDER

GREENSPOON MARDER LLP, JOSEPH
MACLELLAN, and DOES 1 through 10, inclusive,

                Defendants.
_____

CASTEL, United States District Judge.

       It falls upon the Court to raise issues of subject matter jurisdiction sua sponte. "It is firmly established that diversity of citizenship should be distinctly and positively averred in the pleadings, or should appear with equal distinctness in other parts of the record." Leveraged Leasing Administration Corporation v. PacifiCorp Capital, Inc., 87 F.3d 44, 47 (2d Cir. 1996) (citation and internal quotation marks omitted).

       This case was originally filed in the Central District of California and was subsequently transferred to this District. (ECF 42.) In its First Amended Complaint, plaintiff Safe Health Systems, Inc. ("Safe Health") alleges that it is a Delaware corporation with a principal place of business in Arizona, that defendant Greenspoon Marder, LLP ("Greenspoon") is "a Florida limited liability partnership authorized to do business in California and New York, with its principal place of business in New York City, New York," and that defendant Joseph MacLellan is a natural person who is "residing" in New York. (ECF 65 ¶¶ 2-4.)

       A complaint premised on diversity of citizenship must allege the citizenship of all members of a limited liability partnership, including both general partners and limited partners. Carden v. Arkoma Associates, 494 U.S. 185 (1990); Handelsman v. Bedford Village Assocs. LP,

1

213 F.3d 48, 52 (2d Cir. 2000); Monitronics Funding LP v. Pinnacle Sec., LLC, 2012 WL 967623, at *1 (S.D.N.Y. Mar. 21, 2012) ("A limited liability partnership has the citizenship of each of its general and limited partners for the purposes of diversity jurisdiction.") (Koeltl, J.).

In its earlier motion to dismiss filed in the Central District of California, Greenspoon states that it is "a Florida limited liability partnership, with its principal place of business in Fort Lauderdale, Florida.  The named partners of GM reside in Broward County, Florida, and Orange County, Florida, respectively." (ECF 14-1 at 9 (citations and footnotes omitted).)  An accompanying declaration submitted by Greenspoon's deputy managing partner notes that Greenspoon has offices in Arizona, Colorado, Illinois, Nevada, New Jersey, New York, Georgia, Maryland, New Mexico, Texas, and California.  (ECF 15 ¶¶ 5-7.)  The declaration also states that Greenspoon employs 250 attorneys.  (Id. ¶ 8.)  The motion to dismiss also states that MacLellan is an employee of Greenspoon who was born in New York and practices out of the New York office, but it does not affirmatively identify his citizenship. (ECF 14-1 at 9-10.)  An individual's state citizenship is not determined by his state of residence but by his state of domicile.  Linardos v. Fortuna, 157 F.3d 945, 948 (2d Cir. 1998).

In order to evaluate whether complete diversity among the parties exists in this action, the Court requires additional information about the citizenships of Greenspoon and MacLellan.  Within 14 days of this Order, Greenspoon shall submit to the Court:

    (1) a declaration from Joseph MacLellan setting forth the state of domicile and citizenship of defendant MacLellan;

    (2) a declaration from Greenspoon's managing partner setting forth the citizenships of all its partners, including named partners, general partners, and limited partners.

Failure to submit this Order will result in the dismissal of the action for lack of subject matter jurisdiction.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
June 18, 2024

3